UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEENAN CHRISTOPHER ROGERS, (Inmate #P00172831) | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-23-1770 |
| ERIC FAGAN, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Keenan Christopher Rogers, (Inmate #P00172831), is currently incarcerated in the Fort Bend County Jail. Representing himself, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 asking the court to release him from confinement and dismiss the state probation revocation proceedings that are pending against him. (Docket Entry No. 1). At the court's request, Rogers filed an amended petition, which clarified some of his claims. (Docket Entry No. 4). After considering the petition, the amended petition, and the applicable law under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] the court dismisses Rogers's petition. The reasons are explained below.

**I.    Background**

Publicly available records show that Rogers was placed on five years of deferred adjudication probation in November 2012 based on his guilty plea to a charge of aggravated robbery. *See* Fort Bend County District Clerk, available at www.tylerpaw.fortbendcountytx.gov (last visited July 10, 2023; Fort Bend County Cause Number 12-DCR-061074). On September 15,

---

[1] Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

2017, the State filed a motion to revoke probation and adjudicate guilt, and a capias was issued on September 25, 2017.  *Id.*  The capias was not served on Rogers until August 14, 2020.  *Id.*

On May 10, 2023, Rogers filed a petition for a federal writ of habeas corpus, alleging that the state trial court is violating his constitutional rights by purporting to exercise jurisdiction over him after his probationary term had expired.  (Docket Entry No. 1, pp. 8-10).  He also alleges that appointed defense counsel violated his rights by discussing his case with the prosecutor without his permission.  (Docket Entry No. 4, p. 7).  Rogers asks this court to dismiss the revocation proceedings against him and release him from jail.

## II.     Discussion

### A.     Exhaustion

A state pretrial detainee's habeas corpus claims based on alleged federal constitutional violations are governed by 28 U.S.C. § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  A pretrial detainee may not use a federal habeas corpus petition to interfere with "the normal functioning of a state's criminal processes."  *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).  To avoid interference with pending state criminal proceedings, federal habeas relief is not available to "dismiss an indictment or otherwise prevent a prosecution."  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).  To the extent that Rogers asks this court to dismiss the revocation proceedings, he seeks relief that is unavailable from this court.

Even if Rogers was seeking proper relief, as state pretrial detainee, he must show that he has exhausted his available state remedies to be entitled to federal habeas relief.  *See Braden*, 410 U.S. at 489; *Dickerson*, 816 F.2d at 224.  The exhaustion requirement prevents federal courts from exercising jurisdiction if the issues raised in the federal habeas petition may be resolved by either

a trial or other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *Brown*, 530 F.2d at 1284. State remedies are not exhausted so long as the petitioner has the opportunity to present his claims to the state courts by a currently available and adequate procedure. *See Braden*, 410 U.S. at 489. In short, a state pretrial detainee may not use a federal habeas petition as a substitute for litigating pretrial motions in the state court. *See Braden*, 410 U.S. at 493.

Construed liberally, Rogers's petition asks this court to dismiss the revocation proceedings against him because the state court is violating his due process rights by attempting to revoke his probation after his probationary term expired. Rogers also claims that his appointed counsel has provided ineffective assistance. While these allegations may state a claim of a constitutional violation, publicly available records show that Rogers has not yet exhausted his available state remedies as to these claims. *See* Fort Bend County District Clerk, available at www.tylerpaw.fortbendcountytx.gov (last visited July 10, 2023). Rogers may raise his claim challenging the court's jurisdiction to revoke his probation in an application for a state writ of habeas corpus filed under article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which the revocation proceedings are pending. *See* TEX. CODE CRIM. PROC. art. 11.08; *see also Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001). If the trial court denies relief, Rogers may take a direct appeal to a state intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Meltzer*, 180 S.W.3d 252, 255 (Tex. App.—Fort Worth 1986, no pet.). Rogers may raise his claim concerning counsel's allegedly improper communications in an application for a state writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure, filed in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07. State trial court records show that Rogers has done neither.

Because Rogers has not yet presented the claims he raises in his federal habeas petition to the state courts through the available procedures, he has not exhausted his available state remedies. His petition is dismissed without prejudice for lack of exhaustion.

### B. *Younger* Abstention

Even if Rogers had alleged proper federal habeas claims, this court would decline to exercise jurisdiction over this case under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires federal courts to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012); *see also Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (a [p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief").[2]

Rogers's claims meet all three requirements for abstention under *Younger*. Any decision by this court to enjoin Rogers's state revocation proceedings would interfere with an ongoing state proceeding. *See Younger*, 401 U.S. at 41; *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing

---

[2] Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49). Rogers's petition does not allege facts showing that any of these exceptions apply in this case.

its criminal laws. *See DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984). And Rogers may raise his claims in the state-court proceedings and again on appeal if his probation is revoked.

Rogers's claims meet the requirements for *Younger* abstention. Even if Rogers had alleged proper claims for federal habeas relief, the court would decline to exercise that jurisdiction under *Younger* and dismiss this action.

### III. Conclusion

Rogers's petition filed under 28 U.S.C. § 2241 is dismissed without prejudice. Any pending motions are denied as moot. An order of dismissal is separately entered. A certificate of appealability will not be issued. *See Pack v. Yusuff,* 218 F.3d 448, 451 n.3 (5th Cir. 2000).

SIGNED on July 26, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge